**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darryl Rodney CARDWELL, Jr.,**
**Defendant–Appellant.**

**No. 91–30273.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 1992 *.

Decided June 23, 1992.

Steve Jacobson, Asst. Federal Public De-fender, Portland, Or., for defendant-appel-lant.

Kent Robinson, Asst. U.S. Atty., Port-land, Or., for plaintiff-appellee.

Before HUG, THOMPSON, and FERNANDEZ, Circuit Judges.

HUG, Circuit Judge:

Darryl Rodney Cardwell, Jr., appeals his conviction following a conditional guilty plea to firearm possession by a felon, in violation of 18 U.S.C. § 922(g)(1). He con-tends that his prior Oregon state burglary conviction was not a predicate offense un-der section 922(g)(1) because his civil rights had been restored after his parole, and the district court therefore erred by denying his motion to dismiss the indictment. We reverse the conviction and remand for the district court to dismiss the indictment.

We review *de novo* the district court's interpretation of a statute. *United*

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to  Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

*States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991). Section 922(g)(1) prohibits firearm possession by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (1986).

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (1986).

In other words, if a felon falls within one of the categories specified by section 921(a)(20), his felony conviction may not serve as a predicate conviction for a violation of section 922(g)(1), unless he has been informed by the state statute or other state action of any prohibition concerning firearms. *United States v. Gomez*, 911 F.2d 219, 221 (9th Cir.1990); *United States v. Erwin*, 902 F.2d 510, 513 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990); *see also Dahms*, 938 F.2d at 134–35 (section 922(g)(1) does not apply to a felon who possessed a shotgun where a state statute prohibited possession of pistols but did not mention shotguns).

Here, on November 27, 1990, Cardwell was federally indicted for firearm possession. The indictment alleged that he possessed a shotgun and a rifle on August 6, 1990. Cardwell had been convicted of first degree burglary in Oregon state court on December 3, 1982. He served a term of imprisonment on that conviction and was paroled in 1985 and again in 1987. There is no dispute that at the time of Cardwell's parole, a state statute restored the civil rights of paroled felons. *See* Or.Rev.Stat. § 137.281(5) (1983). The statute did not mention possession of firearms. *See id.* Effective January 1, 1990, however, another Oregon statute was amended to criminalize the possession of "any firearm" by a felon. *See* Or.Rev.Stat. § 166.270(1) (1989). That statute previously had criminalized only felons' possession of pistols, revolvers, other concealable firearms, and machine guns, *id.* (1985), or firearms of particular sizes, *id.* (1987). There is no dispute that Cardwell's firearms were legal under the earlier versions of section 166.270(1).

Cardwell contends (1) that 18 U.S.C. § 921(a)(20) looks to state law only at the time the felon's civil rights are restored, (2) the 1990 amendment to section 166.270(1) does not apply to Cardwell because it was not intended to apply retrospectively, and (3) retrospective application would violate the ex post facto clause.

■ To determine whether a felon's civil rights have been restored within the meaning of 18 U.S.C. § 921(a)(20), this court does not require an individual affirmative act of restoration by the state, but rather looks to the whole of state law. *Gomez*, 911 F.2d at 220; *see also Dahms*, 938 F.2d at 133–34 (civil rights restored by separate sections of state code). We also look to the whole of state law to determine whether the restoration of civil rights expressly prohibits firearm possession. *Dahms*, 938 F.2d at 134 n. 4. We must now determine whether section 921(a)(20) requires the courts to look to state law at the time of the restoration of civil rights, or at the time the defendant is alleged to have violated section 922(g)(1).

■ Section 921(a)(20) states that section 922(g)(1) applies if the pardon, expungement, or restoration of civil rights "expressly provides" that the defendant may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20). The plain meaning of this use of the present tense is that the courts must determine the effect of the pardon, expungement, or restoration of civil rights at the time it is granted and cannot consider whether the defendant's

civil rights later were limited or expanded. Accordingly, we hold that in determining whether a restoration of civil rights expressly prohibits firearm possession, the district court must look to the whole of state law at the time of the restoration. *Accord United States v. Haynes*, 961 F.2d 50, 51–52 (4th Cir.1992) (looking to state law only at the time a certificate of discharge from prison restored the defendant's civil rights).

Because we reverse Cardwell's conviction based on our interpretation of 18 U.S.C. § 921(a)(20), we need not reach his contentions regarding the effect of Oregon state law in 1990.

REVERSED and REMANDED.