**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel Joseph BELL, Defendant–Appellant.**

**Nos. 91–30417, 92–30195.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 1992.*

Memorandum Filed Nov. 24, 1992.

Order and Opinion Filed Jan. 13, 1993.

Michael R. Levine, Asst. Federal Public Defender, Portland, OR, for defendant-appellant.

Gary Y. Sussman, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Before TANG, BRUNETTI, and FERNANDEZ, Circuit Judges.

### ORDER

The memorandum disposition filed November 24, 1992 is redesignated as a per curiam opinion.

### OPINION

PER CURIAM:

Daniel Joseph Bell (Bell) appeals the sentence, imposed pursuant to 18 U.S.C. § 924(e), upon his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). We vacate the sentence and remand for resentencing.

The sentence enhancement was predicated on four felony convictions: three first degree burglary convictions in Oregon in 1981 and 1985, and one second degree burglary conviction in Washington in 1987. Bell was discharged from the three Oregon convictions in August 1989, and his civil rights were thereupon restored. Or.Rev.Stat. § 137.281 (1987).

A conviction for which a defendant has had his civil rights restored may not be counted as a predicate conviction. 18 U.S.C. § 921(a)(20). To determine whether a particular civil right has been restored, the sentencing court must look to the whole of state law at the time of the restoration, without regard to whether state law subsequently changed that right. *United States v. Cardwell*, 967 F.2d 1349, 1350–51 (9th Cir.1992). When Bell's civil rights were restored, discharged felons could possess a rifle of the type involved in this case. Or.Rev.Stat. § 166.270 (1987). Accordingly, Bell's three Oregon convictions cannot be used as predicate convictions under section 924(e) because his civil right to possess the rifle was restored upon

his discharge. *See Cardwell*, 967 F.2d at 1350.

The sentence imposed by the district court is VACATED and the case REMANDED for resentencing.