**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Allan HUSS, Defendant–Appellant.**

No. 92–30372.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1993.

Decided Oct. 25, 1993.

Fred N. Weinhouse, Asst. U.S. Atty., Portland, OR,· for plaintiff-appellee.

Steven Jacobson and Kathleen M. Correll, Asst. Federal Public Defenders, Portland, OR, for defendant-appellant.

Before FARRIS, FERGUSON, and THOMPSON, Circuit Judges.

FERGUSON, Circuit Judge:

James Allan Huss (Huss) was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Huss was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which imposes a mandatory minimum sentence of fifteen years on those convicted under § 922(g)(1) who have at least three prior violent or drug-related felony convictions. Huss argues on appeal that his conviction cannot stand because, under the Oregon law in effect at the time of his conviction for the predicate felony, he was not prohibited from carrying a long gun, the weapon he was charged with possessing under § 922(g)(1). Huss therefore argues that his conviction is contrary to Ninth Circuit case law interpreting 18 U.S.C. § 921(a)(20) and violates the ex post facto clause of the Constitution.

Huss also appeals his sentence under § 924(e), arguing that two of his prior convic-tions are not proper predicate convictions. In addition, Huss argues that the district court should have exercised its discretion to depart downward based on the time Huss had already spent in state custody. Huss' final contention on appeal is that the district court erred in denying his motion to suppress evidence.

We affirm the district court on all issues except its sentencing of Huss under § 924(e). We find that two of Huss' prior convictions were not proper predicate convictions, and therefore we vacate Huss' sentence under § 924(e) and remand for resentencing.

## BACKGROUND

Huss' residence was searched pursuant to a warrant on July 17, 1991, and law enforcement officers found four long guns, including three rifles and one shotgun. Huss was subsequently indicted by a federal grand jury for being an ex-felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The predicate offense for Huss' indictment under § 922(g)(1) was a 1987 Oregon conviction for burglary I.

On February 27, 1991, the government filed a Notice of Enhanced Punishment. The Notice alleged that Huss' three Oregon convictions for burglary, two in 1976 and one in 1987, made him eligible for enhancement under 18 U.S.C. § 924(e)(1).

Huss filed a motion to suppress, which alleged that the affidavit in support of the search warrant did not provide probable cause for the issuance of the warrant. Specifically, Huss argued that the affidavit did not link Huss to the particular room in the boarding house that was named in the warrant and searched by the officers. The district court denied the motion, finding that the search warrant satisfied the probable cause requirement because it stated with particularity the room to be searched.

Huss also filed a motion to dismiss, arguing that his 1987 burglary conviction did not qualify as a predicate for a conviction under § 922(g)(1) because Oregon law in effect at the time of his conviction restored his civil rights, including his rights to possess long guns. Thus, Huss asserted, his conviction

could not count as a predicate for § 922(g)(1) because 18 U.S.C. § 921(a)(20) excludes convictions for which a jurisdiction has restored civil rights to a felon unless the right to carry firearms is still restricted by that jurisdiction.[1] Huss also argued that a change in Oregon law subsequent to his offense that restricted felons from carrying all firearms, although occurring prior to his release from his sentence, could not be applied retroactively, and that retroactive application would violate the ex post facto clause of the Constitution. The district court denied Huss' motion to dismiss the indictment.

At sentencing, Huss argued that he did not qualify for an enhanced sentence under § 924(e) because his two 1976 Oregon burglary convictions did not count as predicate convictions since his civil rights, including his right to carry long guns, had been restored when he was paroled on both offenses in 1981. Huss also argued that the two burglary convictions were not valid predicate felonies because they were only for aiding and abetting, and that the 1976 burglary I conviction was unconstitutionally obtained. Finally, Huss requested a downward departure based on the time he had already spent in state custody. The court denied all of Huss' claims and found that it had no authority to depart downward to give Huss credit for time spent in state custody. Huss entered a conditional guilty plea, and now appeals both his conviction under § 922(g)(1) and his sentence under § 924(e).

## I.

Huss argues that his 1987 Oregon conviction for burglary is not a predicate offense under § 922(g)(1) because his civil rights were restored when he was discharged from his sentence in 1990. Huss bases his arguments on statutory and constitutional interpretation. These are legal questions which we review de novo. *See United States v. Cardwell*, 967 F.2d 1349 (9th Cir.1992).

When Huss was convicted of burglary in 1987, Oregon law prohibited felons from carrying any guns other than long guns. *See* Or.Rev.Stat. § 166.270 (1987). In an amendment effective January 1990, the Oregon legislature changed the law to prohibit felons from possessing all firearms. *See* Or.Rev. Stat. § 166.270 (1990). Huss was released on parole in December 1990, ten months after the effective date of the amendment.

### A.

■ Huss argues that under *United States v. Cardwell*, 967 F.2d 1349 (9th Cir.1992), we look to the state law in effect at the time of the *conviction* to determine whether a defendant's civil rights have been restored. Huss is correct that we look to state law to determine whether a defendant is a person prohibited from carrying a firearm, as defined in 18 U.S.C. § 921(a)(20). *United States v. Dahms*, 938 F.2d 131, 134 (9th Cir.1991). If the defendant's civil rights have been restored under state law, including his right to carry the weapon for which he is charged under § 922(g), then he cannot be convicted under § 922(g). *Id.*

■ Huss is incorrect, however, that we look to the state law in effect at the time of the conviction. In *Cardwell*, we held that "in determining whether a restoration of civil rights expressly prohibits firearm possession, the district court must look to the whole of state law *at the time of the restoration* [of civil rights]." *Id.* at 1350–51. (emphasis added). The Oregon law in effect at the time Huss' civil rights were restored prohibited felons from carrying all firearms. Therefore Huss was properly convicted under § 922(g)(1).

### B.

■ Huss also argues that the 1990 amendment to Or.Rev.Stat. § 166.270 in-

1. 18 U.S.C. § 921(a)(20) provides in relevant part:
   What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has

been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

creases his punishment for his 1987 burglary conviction by prohibiting him from carrying long guns upon his release from prison, a prohibition that did not exist at the time he committed the burglary.[2]  Huss contends that this alleged increase in punishment violates the ex post facto clause of the Constitution.  U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1.  Huss then asserts that the Oregon law that applies to him is the 1987 version, which does not prohibit ex-felons from carrying long guns.  Under the 1987 law, Huss would not be a person prohibited from carrying a firearm under § 921(a)(20), and thus could not be convicted under § 922(g)(1).  *See Dahms,* 938 F.2d at 134–35.

"The ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"  *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867)).

The difficult question posed by Huss' claim is whether the revocation by Oregon law of his right to carry long guns is "punishment" for his prior crime.  Huss relies on *United States v. Davis,* 936 F.2d 352, 356 (8th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992), in which the Eighth Circuit found an ex post facto violation in similar circumstances.  When Davis was convicted, "his punishment consisted of, *inter alia,* at least a partial deprivation of his civil rights only until his discharge." *Id.*  A law passed after Davis' conviction prohibited ex-felons from carrying pistols for ten years after their release.  The Eighth Circuit concluded that this increased Davis' punishment for his crime after the date of his conviction, and thus was an ex post facto violation.  *See id.*  The Eighth Circuit's conclusion appears to be grounded in the finding that, prior to the passage of the gun control law, Davis had an absolute right to possess pistols upon his release from prison.  The law thus deprived

Davis of a right to which he was previously entitled.

As the government points out, the Seventh Circuit found no ex post facto violation in another § 922(g) case with similar facts.  *See Roehl v. United States,* 977 F.2d 375, 377–378 (7th Cir.1992).  Essential to the court's reasoning in *Roehl* was that in Wisconsin, prior to the enactment of the law restricting ex-felons from carrying firearms, there was no Wisconsin statute or constitutional provision either granting or restricting the right to carry firearms.  Thus, the court concluded, "[Roehl's] convictions deprived him of no right in that respect and no such right could have been 'restored.'"  *Id.* at 377.  We decline to follow the reasoning in either *Davis* or *Roehl.*

Instead, we find persuasive the analysis of the First Circuit in *Cases v. United States,* 131 F.2d 916, 921 (1st Cir.1942), *cert. denied, Velazquez v. United States,* 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943), which upheld the Federal Firearms Act in the face of a similar ex post facto challenge.  Following *Cases,* we find that the 1990 Oregon law restricting felons from carrying firearms does not constitute punishment for prior convictions.

In *Cases,* the First Circuit found that if a statute "is a bona fide regulation of conduct which the legislature has power to regulate, it is not bad as an ex post facto law even though the right to engage in the conduct is made to depend on past behaviour, even behaviour before the passage of the regulatory act."  *Id.; see also United States v. Karnes,* 437 F.2d 284, 289–90 (9th Cir.), *cert. denied,* 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971).  The First Circuit further concluded that "conviction of a crime may be made the conclusive test of past behaviour."  *Cases,* 131 F.2d at 921.  (citing to *Hawker v. New York,* 170 U.S. 189, 198, 18 S.Ct. 573, 577, 42 L.Ed. 1002 (1898)).

■ However, a legislature may not insulate itself from an ex post facto challenge simply by asserting that a statute's purpose

---

2.  Huss also argues that the 1990 amendment cannot be applied retroactively.  The 1990 Oregon law is not "retroactive" in the sense that it

prohibits firearms possession before its effective date.  Thus, this argument is unavailing.

is to regulate present conduct rather than punish prior conduct. The overall design and effect of the statute must bear out the non-punitive intent. *See United States v. Ward,* 448 U.S. 242, 248–49, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980).

To negate any inference of a punitive design, the past conduct must be relevant to the regulated activity, and "if the past conduct ... is not the kind of conduct which indicates unfitness to participate in the activity, it will be assumed ... that the purpose of the statute is to impose an additional penalty." *Cases,* 131 F.2d at 921. If, on the other hand, "the past conduct can reasonably be said to indicate unfitness to engage in the future activity the assumption will be otherwise." *Id.*

Here, as in *Cases,* the past conduct considered by the Oregon legislature can reasonably be said to indicate unfitness to engage in the future activity of possessing firearms. The text of Or.Rev.Stat. § 166.270 (1990) as a whole makes it clear that the Oregon legislature's intent was to provide for the safety of its citizens by restricting firearms possession from those likely to engage in dangerous conduct. *See* Or.Rev.Stat. §§ 166.270(3)(a), (b) (exempting from the statute those felons whose convictions were declared misdemeanors at the time of judgment and those whose convictions were for possession of marijuana prior to 1972); *see also* Or.Rev.Stat. § 166.-270(4)(a) (requiring, under certain circumstances, more than one prior felony conviction if the prior conviction did not involve "the possession or use of a firearm or switchblade knife..."). Thus it is evident that the legislature tailored the statute to meet its legitimate safety interest in regulating weapons by targeting only those felons with a propensity to engage in dangerous conduct.

We also find that the 1990 Oregon law does not have a punitive effect. Prior to 1990, felons were prohibited from carrying all firearms *except* long guns. *See* Or.Rev. Stat. § 166.270(1) (1987). The marginal effect of adding long guns to the otherwise exhaustive list of restricted weapons does not amount to punishment for ex post facto purposes.

In sum, we conclude that the Oregon weapons restriction does not impose punishment for prior crimes, but rather furthers the substantial and legitimate safety interest in preventing the misuse of firearms. Thus the restriction poses no ex post facto problem.

## II.

■ Huss contends that he cannot be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because two of his three prior convictions do not count as predicate convictions under 18 U.S.C. § 921(a)(20).

When Huss was released in 1981 from his sentences for his two 1976 Oregon burglary convictions, Oregon law automatically restored his civil rights, including his right to possess long guns. *See* Or.Rev.Stat. § 166.-270 (1985). We have held that convictions for which the defendant has had civil rights restored, including the right to possess firearms, are excluded under § 921(a)(20) and therefore cannot count as prior convictions under § 924(e). *United States v. Bell,* 983 F.2d 910, 912 (9th Cir.1993). Thus Huss is correct. His two 1976 convictions cannot be used as prior convictions and therefore he cannot be sentenced under § 924(e), which requires at least three prior convictions.[3]

## III.

■ At his sentencing hearing, Huss requested a downward departure based on time that he had already spent in state custody. The district court denied the request, stating that it believed it had no authority to depart under *United States v. Wilson,* — U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). We review de novo the legal question of whether the district court has authority to grant a departure. *United States v. Lira–Barraza,* 941 F.2d 745, 746 (9th Cir.1991) (en banc).

---

**3.** Huss argues in the alternative that (1) his 1976 convictions for burglary are not violent felonies under § 924(e), and (2) one of his 1976 convic-

tions is unconstitutional. We do not reach these issues because we find that Huss' 1976 convictions cannot count under *Bell.*

The district court was correct in finding that it had no authority to depart. In *Wilson,* the Supreme Court held that district judges have no authority to grant defendants credit for time spent in jail prior to the commencement of their sentences. —— U.S. at ——, 112 S.Ct. at 1354. That authority, the Court held, is delegated solely to the Attorney General, who exercises it through the Bureau of Prisons (BOP). Huss argues that he was not asking the district court to circumvent *Wilson,* but rather to credit Huss for time that he served that would not be recognized by the BOP. Huss' distinction is unavailing. Even if the BOP will not give Huss credit for time served, he must commence serving his sentence and exhaust his administrative remedies before appealing to the district court. *See United States v. Checchini,* 967 F.2d 348, 350 (9th Cir.1992).

### IV.

█ Huss' final argument is that the district court erred when it refused to suppress the evidence obtained pursuant to the search of his room at the boardinghouse. Huss contends that there was no probable cause to search his room because the affidavit in support of the warrant did not state with particularity which room at the boardinghouse was his.

We review a court's issuance of a search warrant for clear error "and will uphold it so long as the court had a 'substantial basis' for concluding probable cause existed based on the totality of the circumstances." *United States v. Bertrand,* 926 F.2d 838, 841 (9th Cir.1991) (citation omitted). In reviewing the validity of the warrant, we are limited to the information and circumstances described in the underlying affidavit. *Id.*

The affidavit in support of the search warrant clearly identified Huss' room at the boardinghouse as the location of the contraband. The search warrant accordingly authorized the search of Huss' room at the boardinghouse, and described the exact location of his room. There is simply no merit to Huss' argument that the affidavit does not link him to the particular room searched. *Compare United States v. Hove,* 848 F.2d 137, 139–40 (9th Cir.1988) ("the affidavit offers no hint as to why the police wanted to search this residence").

The search warrant was not clearly invalid. Therefore, the district court did not err in denying Huss' suppression motion.

### CONCLUSION

We find that Huss was properly convicted under 18 U.S.C. § 922(g)(1). We find, however, that it was error to sentence Huss under 18 U.S.C. § 924(e). Therefore we AFFIRM the conviction but VACATE the sentence and REMAND to the district court for resentencing consistent with this opinion.