19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy D. SWEATT, Defendant-Appellant.
 No. 92-30397.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 22, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy D. Sweatt appeals his jury conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Sweatt contends that the district court erred by 1) denying his pre-trial motion for a continuance of trial to prepare his defense and 2) enhancing his sentence based on prior burglary convictions pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), even though his civil rights had been restored. We hold that the defendant was not prejudiced by the denial of a continuance and that the defendant was properly sentenced as a career offender. We therefore affirm.
 
 I.
 
 3
 Sweatt argues that he was denied a fair trial because the district court erroneously denied his pre-trial motion for a continuance to prepare an adequate defense. Sweatt contends that defense counsel had four trials scheduled in two different cities in a short period of time, and this time constraint prevented defense counsel from preparing the key defense expert.
 
 
 4
 It is a well-settled rule that broad discretion must be granted trial courts on matters of continuances. See Morris v. Slappy, 461 U.S. 1, 11 (1983). Accordingly, we review a decision to deny a continuance for clear abuse of discretion. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir.1991). "To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced his defense. The appellant must also establish the substance of the witness testimony he could have obtained with more time." United States v. Lewis, 991 F.2d 524, 528 (9th Cir.1993) (citations omitted).
 
 
 5
 In this case, Sweatt has not demonstrated that he was actually prejudiced by the denial of a continuance. The only prejudice that Sweatt claims to have suffered is that he was forced to rely on "canned" testimony from the expert witness, rather than testimony tailored to the facts of his case. Sweatt asserted in broad terms that his expert's testimony would cast doubt on the eyewitness identifications. What might have been discovered had the district court granted a continuance, however, is insufficient to establish prejudice. See United States v. Shirley, 884 F.2d 1130, 1135 (9th Cir.1989). Under these circumstances, the district court did not abuse its discretion in denying the continuance.
 
 II.
 
 6
 Sweatt also contends that the district court erred by enhancing his sentence based on five prior burglary convictions under the Armed Criminal Career Act (ACCA), 18 U.S.C. Sec. 924(e). Sweatt argues that his civil rights had been restored in all but one of these convictions, thereby rendering the ACCA inapplicable.
 
 
 7
 The ACCA and the Sentencing Guidelines provide for enhanced punishment beyond the required 15 years imprisonment for violation of 18 U.S.C. Sec. 922(g)(1) if a felon convicted of possessing a firearm "has three previous convictions ... for a violent felony ... committed on occasions different from one another[.]" 18 U.S.C. Sec. 924(e)(1). See also U.S.S.G. Sec. 4B1.4. In general, a prior conviction for which a defendant has had his civil rights restored may not be counted as a predicate conviction for sentencing under the ACCA. See United States v. Bell, 983 F.2d 910, 911 (9th Cir.1993) (citing 18 U.S.C. Sec. 921(a)(20)). However, a prior conviction will be a proper predicate conviction if "such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. Sec. 921(a)(20). "In other words, if a felon falls within one of the categories specified by section 921(a)(20), his felony conviction may not serve as a predicate conviction for a violation of section 922(g)(1), unless he has been informed by the state statute or other state action of any prohibition concerning firearms." United States v. Cardwell, 967 F.2d 1349, 1350 (9th Cir.1992). We look to the whole of state law to determine whether the restoration of civil rights expressly prohibits firearm possession. Id.[1]
 
 
 8
 Under Alaska law in effect at the time Sweatt was discharged from his convictions, a discharged felon was prohibited from possessing a firearm within five years from the date of discharge on the prior offense and the date of the possession of the firearm. See Alaska Rev.Stat.Ann. Sec. 11.61.200(a)(1), (b)(3) (1989).[2] Therefore, Sweatt's civil right to possess a firearm was not restored upon his discharge. Cf. Bell, 983 F.2d at 911. Sweatt committed the burglary on December 20, 1991. The district court enhanced Sweatt's sentence based on four burglary convictions in 1982 and 1984, and one burglary conviction in 1987. Sweatt completed his probation for the three 1982 burglary convictions on July 27, 1987, and was released from jail for the 1984 burglary conviction on January 6, 1987. ER 19 to 21. Because Sweatt violated Alaska law by possessing a firearm within five years of his discharge from the burglary convictions, his convictions were proper predicate convictions for sentencing under the ACCA.[3]
 
 
 9
 Thus we find no reason to vacate the district court's sentence.
 
 
 10
 We therefore AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thus, there need not be an affirmative act of restoration by the state
 
 
 [2]
 This statute was amended in 1990, extending the prohibition against possession of concealable weapons until 10 years after a felon's discharge. See Alaska Rev.Stat.Ann. Sec. 11.61.200(a)(1), (b)(3) (Supp.1992)
 
 
 [3]
 Sweatt argues for the first time in his reply brief that the Alaska statute disabling felons from possessing firearms is not applicable because the firearm at issue was not "capable of being concealed." We decline to address new arguments raised in a reply brief. See United States v. Puerta, 982 F.2d 1297, 1300 n. 1 (9th Cir.1992)