19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karl Lee FREE, Defendant-Appellant.
 No. 93-30059.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided March 24, 1994.
 
 1
 Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Free contends his release from prison on prior charges restored his right to possess long guns under Oregon law and, consequently, his prior convictions cannot serve to enhance his current sentence. This argument fails for three reasons. First, it is made for the first time on appeal. See, e.g., United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990), vacated in part on other grounds, 925 F.2d 356, 358 (9th Cir.1991) (en banc).
 
 
 4
 Second, Free relies on the date on which he was placed on "long term temporary release," October 17, 1989, rather than on the date he was formally paroled, April 16, 1990. Even assuming "long term temporary release" would ordinarily restore civil rights under pre-1990 Oregon law, Free was released on the condition that he "shall not own, possess or be in control of any weapon." See Motion to Supplement the Record, Ex. 1, at 1.[1] Because the terms of Free's long term temporary release "expressly provide[ ] that the person may not ... possess ... firearms," the release did not operate to restore Free's right to possess long guns. See 18 U.S.C. Sec. 921(a)(20).[2]
 
 
 5
 Third, even looking to the date Free was paroled, April 16, 1990, this occurred after Oregon changed its law regarding restoration of convicts' civil rights. Under the new law, Oregon prohibits felons from possessing all firearms, including long guns. Accordingly, Free's parole did not restore his rights. See United States v. Huss, 7 F.3d 1444, 1446 (9th Cir.1993). Free's prior convictions thus qualified under section 921(a)(20) as predicate offenses on which to enhance his sentence. Cf. id. (upholding felon-in-possession conviction on same ground). Free's contention, anticipated by the government, that application of the new Oregon law to his prior convictions violates the Ex Post Facto Clause was rejected in Huss. See id. at 1446-48.
 
 II.
 
 6
 Free cannot challenge the validity under Oregon law of his prior convictions. See United States v. Pricepaul, 540 F.2d 417, 424-25 (9th Cir.1976).[3] To the extent he challenges his three burglary convictions of August 30, 1988 under federal constitutional law, this case is controlled by United States v. Newman, 912 F.2d 1119 (9th Cir.1990).
 
 
 7
 Like the defendant in Newman, Free explicitly waived his trial rights when he pleaded guilty in 1988. There is no finding Free had an unusually low mental capacity. Like Newman, Free had a prior criminal history on related offenses. He was also represented by defense counsel at the 1988 plea hearing and indicated he had spoken with his counsel concerning the pleas. Furthermore, during Free's 1988 plea hearing, reference was made to the factual bases for and the elements of the charged offenses. Although the state court's references to the facts and elements of Free's crimes were incomplete, they were sufficient to prevent misunderstanding and to prompt questions if Free was confused. Following Newman, we hold that Free failed to establish by a preponderance the invalidity of his three 1988 burglary convictions. As such, Free's sentence was properly enhanced under 18 U.S.C. Sec. 924(e) regardless whether the two 1987 convictions were valid.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The parties are familiar with the facts and issues; we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's motion to supplement the record with information about the dates and nature of Free's release from incarceration is granted
 
 
 [2]
 Free's contention at oral argument that firearms restrictions must be statutory in order to prevent the usual effect of a pardon, expungement, or restoration of civil rights has no basis in section 921(a)(20). The statute provides for a case-by-case determination whether any particular "pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." (Emphasis added.) This individualized approach gives effect to any lawful firearms restriction, not just to those directly imposed by state statutes. Although the decision in United States v. Gomez, 911 F.2d 219 (9th Cir.1990), referred only to statutory restrictions, we recognized in United States v. Cardwell, 967 F.2d 1349 (9th Cir.1992), that the reference to statutory restrictions in Gomez was not exclusive. See id. at 1350 (referring to firearms restrictions imposed by "state statute or other state action" ) (emphasis added)
 
 
 [3]
 Contrary to Free's contention, Pricepaul has not been overruled by the amendment to title 18 which added section 921(a)(20). Section 921(a)(20) was intended to give effect to state law that expunges, sets aside, pardons, or restores civil rights following a state conviction. United States v. Brebner, 951 F.2d 1017, 1021 (9th Cir.1991). The statute does not change the holding in Pricepaul that the validity under state law of a conviction is irrelevant for purposes of the federal felon-in-possession statute. Cf. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990)