81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brett D. SORENSON, Defendant-Appellant.
 No. 95-35585.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1996.*
Decided April 1, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brett D. Sorenson, a federal prisoner, appeals the district court's denial of his second 28 U.S.C. § 2255 motion which challenged his fifteen-year sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Sorenson argues that he was improperly sentenced under the Armed Career Criminal Act (ACCA) because his civil right to possess weapons had been restored in connection with his predicate convictions. We affirm.
 
 
 3
 Title 18 U.S.C. § 921(a)(20) mandates that "[w]hat constitutes a conviction of [ ] a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." See also United States v. Huss, 7 F.3d 1444, 1448 (9th Cir.1993); United States v. Bell, 983 F.2d 910, 911 (9th Cir.1993) (per curiam).
 
 
 4
 Sorenson asserts that his prior 1981 and 1982 burglary convictions do not qualify as predicate convictions because his civil rights had been restored by Oregon law upon his release from prison on June 15, 1983. See Or.Rev.Stat. § 137.281 (1983). While he concedes that state law prohibited felons from possessing the type of gun at issue here, he argues that this statute is inapplicable to him. Instead, he says United States v. Herron, 45 F.3d 340 (9th Cir.1995), demands that the court look only to the civil rights restoration statute, § 137.281(5). He argues that because that statute does not expressly prohibit felons like Sorenson from possessing firearms, the district court's use of his prior burglary convictions as predicate convictions was improper under 18 U.S.C. § 921(a)(20).
 
 
 5
 Sorenson's efforts with this analytical approach are futile. We have previously held that in determining whether a felon was properly convicted under 18 U.S.C. § 922(g), the court looks to the whole of state law to determine whether a defendant's civil rights have been restored within the meaning of § 921(a)(20). United States v. Cardwell, 967 F.2d 1349, 1350 (9th Cir.1992); United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991); United States v. Gomez, 911 F.2d 219, 220 (9th Cir.1990). We have also clearly held that we must "look to the whole of state law to determine whether the restoration of civil rights expressly prohibits firearm possession." Cardwell, 967 F.2d at 1350; Huss, 7 F.3d at 1446; United States v. Johnson, 988 F.2d 941, 944-45 (9th Cir.1993); Bell, 983 F.2d at 911; Dahms, 938 F.2d at 134 n. 4. While Oregon Revised Statute § 137.281 states that "[t]he rights and privileges withdrawn by this section are restored automatically upon discharge or parole from imprisonment ...," section 166.270 prohibits the possession of "any pistol, revolver, or other firearms capable of being concealed upon the person....," by a person who has committed a felony.
 
 
 6
 Furthermore, Herron does not support Sorenson's argument because it reiterated that "[o]ne must 'look to the whole of state law' to determine if the restoration is substantial ... where the restoration is by operation of law rather than by certificate or order." Id. at 342 (citation omitted). Were we to hold otherwise, Herron, or we, would create a direct conflict with our prior decisions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3