81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrel Dwain KNAUB, Defendant-Appellant.
 No. 95-30153.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided April 1, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darrel Dwain Knaub appeals his jury conviction and sentence under the Sentencing Guidelines for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.
 
 A. Knaub's Identification Card
 
 3
 An officer found Knaub's identification card in the vehicle's glove compartment. Knaub lacks standing to challenge the search and seizure of the vehicle because he abandoned his interest in it. United States v. Huffhines, 967 F.2d 314, 318 (9th Cir.1992); United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986). "[W]arrantless searches [and] seizures of abandoned property do not violate the Fourth Amendment." Id. Whether property has been abandoned is a question of intent and is to be determined in light of the totality of the circumstances. One factor is physical relinquishment of the property. Id. When a driver who is not the owner of a vehicle abandons his privacy interest in the car, he has no further standing to object to a search of the vehicle. When Knaub fled the parked vehicle which he left with the motor running and the doors open, that was a sufficient indication of abandonment; there is little more he could have done to disassociate himself from it.
 
 B. The 911 Tape
 
 4
 The government must turn over material evidence which tends to exculpate the defendant. Kyles v. Whitley, --- U.S. ----, ----, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995); Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). Evidence is material if there is a reasonable probability that the outcome of the proceeding would have been different had it been disclosed to the defense. Kyles, --- U.S. at ----, 115 S.Ct. at 1565-66.
 
 
 5
 Knaub argues that the government violated Brady v. Maryland and Fed.R.Crim.P. 16(a)(1)(C) when it failed to produce the 911 tape containing deputy Dusevoir's description of the suspects before the suppression hearing. However, the failure could not have affected the outcome of the suppression hearing because, as we have just explained, Knaub had no privacy interest in the vehicle that was searched. More importantly, the tape was turned over before the trial and was introduced into evidence. Thus, the jury was in a position to evaluate the evidence, and the offered explanation, and decide whether the officer really saw Knaub with the gun.
 
 C. Special Agent Lyon's Testimony
 
 6
 The district court allowed Special Agent Lyon to discuss the proof required for conviction; specifically, he testified to the fact that whether the firearm was operable was not an element of the crime. The court then instructed the jury that, "I will be giving you instructions regarding this very issue, and if my instructions conflict in any way with the evidence, you can take that into consideration. But I will permit him to testify." The instructions given at the conclusion of the evidence involved the formal definition of a firearm and did not discuss the present operability of the firearm, although the court did explain that a firearm is a weapon designed "to expel a projectile by the action of an explosion...."
 
 
 7
 Federal Rule of Evidence 704(a) permits testimony in the form of an opinion or inference which embraces an ultimate issue; however the advisory committee notes warn that "opinions phrased in terms of inadequately explored legal criteria" are still prohibited. Case law on the subject is in full accord. Thus, it is error for a court to allow a witness to "instruct[ ] the jury on the law rather than the judge." United States v. Weitzenhoff, 1 F.3d 1523, 1531 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 939, 130 L.Ed.2d 884 (1995). However, the erroneous admission of expert testimony is subject to harmless error review. United States v. Wang, 49 F.3d 502, 504 (9th Cir.1995).
 
 
 8
 While the instructions did not entirely cure the court's erroneous admission of testimony, the error was harmless because, when all is said and done, the statement was a correct explication of the law. See Weitzenhoff, 1 F.3d at 1532 (harmless error where law points to a single conclusion).
 
 
 9
 D. Exclusion of Knaub's Fiance's Daughter's Testimony
 
 
 10
 Rule 404(a)(1) allows evidence of a person's character or trait of character for the purpose of proving action in conformity therewith on a particular occasion when it is offered by an accused. Evidence of an accused's general reputation for being a law-abiding citizen is admissible, as is opinion testimony on the same subject. See United States v. Barry, 814 F.2d 1400, 1402-03 (9th Cir.1987). However, testimony about the accused's lack of prior bad acts is not admissible under Federal Rule 404(a)(1). Id. at 1403-04. United States v. Diaz, 961 F.2d 1417 (9th Cir.1992), is not to the contrary. There we held that general questions about whether a defendant is generally law abiding were proper, but questions on whether he would engage in a particular crime were not. Id. at 1419. The question regarding Knaub's propensity to carry weapons is more akin to the latter type and was, therefore, properly excluded.
 
 E. The Indictment
 
 11
 An indictment must be "construed according to common sense, and interpreted to include facts which are necessarily implied." United States v. DeSalvo, 41 F.3d 505, 513 (9th Cir.1994). A court may correct clerical errors and "read[ ] out" surplusage, so long as the defendant is not prejudiced thereby. United States v. Aguilar, 756 F.2d 1418, 1423 (9th Cir.1985). The deletion of surplusage is an acceptable amendment of form, while an amendment altering the nature of the charge is a prohibited amendment of substance. See id. Here the description of the particular county was mere surplusage which the district court correctly told the jury to ignore.
 
 
 12
 By the same token, the fact that the indictment stated that the crime occurred in Washington County while the prosecution submitted evidence that the crime occurred in both Washington and Clackamas counties did not constitute a constructive amendment. Knaub argues he was actually prejudiced by the district court's instruction that the indictment's reference to the county was surplusage, because the court didn't give the instruction until after the jury had retired to deliberate. But he doesn't point to anything that suggests the verdict would have been different had the court given the instruction earlier. At most there was a non-prejudicial variance. See United States v. Compton, 5 F.3d 358, 360 (9th Cir.1993); United States v. Momeni, 991 F.2d 493, 495 (9th Cir.) (per curiam), cert. denied, --- U.S. ----, 114 S.Ct. 280, 126 L.Ed.2d 230 (1993); United States v. Alvarez, 972 F.2d 1000, 1003-04 (9th Cir.1992) (per curiam), cert. denied, 507 U.S. 977, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993); United States v. Edwards, 465 E.2d 943, 949-50 (9th Cir.1972).
 
 
 13
 F. Sentencing Pursuant to the Armed Career Criminal Act
 
 
 14
 Knaub attacks two of the four convictions which were used to bring him within the Armed Career Criminal Act. If either of the challenged convictions is valid, he is subject to the Act.
 
 
 15
 Knaub asserts that the 1986 burglary conviction does not qualify under the Armed Career Criminal Act because his civil rights had been restored by Oregon law upon his release from prison on July 3, 1989. See Oregon Rev.Stat. §§ 137.281, 166.270. Title 18 U.S.C. § 921(a)(20) mandates that "[w]hat constitutes a conviction of [ ] a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter...." See also United States v. Huss, 7 F.3d 1444, 1448 (9th Cir.1993); United States v. Bell, 983 F.2d 910, 911 (9th Cir.1993) (per curiam). "[C]onvictions for which the defendant has had civil rights restored, including the right to possess firearms, are excluded under § 921(a)(20) and therefore cannot count as predicate convictions under § 924(e)." Huss, 7 F.3d at 1448; Bell, 983 F.2d at 911. "To determine whether a particular civil right has been restored, the sentencing court must look to the whole of state law at the time of the restoration, without regard to whether state law subsequently changed that right." Id.
 
 
 16
 Prior to January 1, 1990 Oregon law prohibited convicted felons from owning or possessing any firearm other than long guns. Or.Rev.Stat. § 166.270 (1987). The statute was amended, effective January 1, 1990, to prohibit convicted felons from owning or possessing any firearm. Id. § 166.270 (1990).
 
 
 17
 Knaub asserts that he was paroled on July 3, 1989 for his 1986 burglary, then returned to prison on January 5, 1990 following his convictions for the 1989 burglaries, but that his parole was never revoked. The record does not support him. The order of parole shows that parole was first granted on January 24, 1990, and that he was not officially released on parole until February 7, 1994.
 
 
 18
 But, says Knaub, he was released from prison to a private adult rehabilitation center on July 7, 1989, was later placed on outpatient status, and was not finally returned to the prison itself until January 5, 1990. However, that release was a temporary leave--there is nothing to show that he was actually granted parole at that time. Thus, it is hardly surprising that there was no formal parole revocation hearing upon his return to the prison. He argues that if he was out he must have been on parole, but that conclusion is not apodictic, and he points to no law that requires it. In short, he was not actually paroled until long after January 1, 1990.
 
 
 19
 Because the use of this conviction was proper, we need not, and do not, decide whether his 1990 conviction for Burglary II was also a proper predicate offense.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3