125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raleigh Lee SJOGREN, Defendant-Appellant.
 No. 96-35631.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, Chief Judge, Presiding; Nos. CV-95-06097-MRH and CR-92-60028-1-MRH.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raleigh Lee Sjogren, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced as a career criminal under 18 U.S.C. § 924(e). We review a district court's denial of a section 2255 motion de novo. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 A. Sufficiency of the Evidence
 
 3
 Sjogren contends that the government failed to introduce evidence of his prior felony conviction because the stipulation regarding his prior felony was never read to the jury. We disagree.
 
 
 4
 Here, prior to trial, Sjogren and the Government entered into a stipulation, signed by Sjogren, which conceded that Sjogren had been convicted of a felony prior to November 24, 1991, the date of his arrest. The government read the stipulation to the jury during its opening statement, and Sjogren's counsel agreed to it in open court. This stipulation is binding on Sjogren and properly proved that Sjogren was a prior felon. See United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir.1980); see also United States v. Hernandez, 27 F.3d 1403, 1408 (9th Cir.1994) (holding that a stipulation to a prior felony is sufficient evidence to fulfill that element of § 922(g)(1)).[1]
 
 B. Prior Convictions
 
 5
 Sjogren contends that his prior state convictions cannot be considered convictions for purposes of 18 U.S.C. § 922(g) because his civil rights have been restored.
 
 
 6
 Firearm possession is prohibited by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g) (1985). If the defendant's civil rights have been substantially restored under state law, including his right to carry the weapon for which he is charged, then he cannot be convicted under section 922(g). See United States v. Huss, 7 F.3d 1444, 1445 (9th Cir.1993). In order to determine whether a convicted felon's civil rights have been restored within the meaning of 18 U.S.C. § 921(a)(20), a court must consider the "whole of state law" at the time of restoration. See Huss, 7 F.3d at 1445.
 
 
 7
 At the time Sjogren's civil rights were restored, Oregon law prohibited him from possessing the Jennings .22 pistol with which he was charged and convicted. See Or.Rev.Stat. § 137.281(5) (1983); Or.Rev.Stat. § 166.270 (1975); Huss, 7 F.3d at 1446. Therefore, Sjogren was properly convicted under 18 U.S.C. § 922(g)(1).
 
 C. Ineffective Assistance of Counsel
 
 8
 Sjogren contends that he received ineffective assistance of counsel but he fails to show how counsel's alleged errors affected the outcome of his trial. See United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987).[2]
 
 
 9
 In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's representation fell below an objective standard of reasonableness and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. See id. at 697.
 
 
 10
 First, Sjogren contends that he was denied his constitutional right to testify. This argument is precluded by United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993) (holding that when a defendant is silent in the face of his attorney's decision not to call him as a witness, he has waived the right to testify).
 
 
 11
 Second, Sjogren contends that his counsel failed to call potential defense witnesses who could corroborate his story that the money Sjogren carried was from lottery winnings. Because Sjogren was indicted on a felon in possession of a firearm charge, he cannot show how his counsel's failure to call these witnesses prejudiced him. See Strickland, 466 U.S. at 688; see also United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir.1988).
 
 
 12
 Third, Sjogren argues that his counsel failed to properly cross-examine state witnesses. Because Sjogren fails to establish what additional information would have been gained if counsel had done further cross-examination, he has failed to demonstrate prejudice. See Strickland, 466 U.S. at 697.
 
 
 13
 Fourth, Sjogren contends that counsel failed to challenge the validity of his prior state convictions used to enhance his sentence. Because Sjogren's counsel could not collaterally challenge the validity of Sjogren's prior state convictions, see Custis v. United States, 511 U.S. 485, 497 (1994), his counsel's performance did not fall below an objective standard of reasonableness, see Strickland, 466 U.S. at 688.
 
 
 14
 Fifth, Sjogren purports that his counsel failed to inform him of a tentative plea agreement. However, in his opening brief, Sjogren concedes that he was aware of the government's offered plea agreement, but found the agreement to be of no improvement from his counsel's projected sentence. Thus, Sjogren's contention lacks merit.
 
 
 15
 Finally, Sjogren contends that counsel failed to argue that the stipulation had not been read to the jury. Given our disposition of this issue, Sjogren cannot show prejudice. See id. at 687.
 
 
 16
 Accordingly, Sjogren has not demonstrated that he received ineffective assistance of counsel. See id. at 688.
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Sjogren contends his stipulation to his prior felony conviction was not knowing and voluntary, his contention lacks merit. See Ferreboeuf, 632 F.2d at 836
 
 
 [2]
 We do not address Sjogren's contentions that counsel was ineffective for failing to move for a directed verdict, failing to challenge his prior convictions on appeal, and leading Sjogren to believe that he had filed a section 2255 motion because they are raised for the first time on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990)