UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DION KIRK HUMPHREY,

      Plaintiff - Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION and UNITED STATES
BUREAU OF ALCOHOL TOBACCO
FIREARMS & EXPLOSIVES,

      Defendants - Appellees.

No. 24-1328

D.C. No.
3:22-cv-00193-SLG
District of Alaska,
Anchorage

ORDER

Before: W. FLETCHER and DE ALBA, Circuit Judges, and PITMAN, District
Judge.*

     The Clerk of the Court is directed to issue the amended memorandum

disposition, concurrently with this order.  Appellant's motion to clarify or amend

the disposition, Dkt. No. 32, is DENIED.

---

     *     The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DION KIRK HUMPHREY,

      Plaintiff - Appellant,

  v.

FEDERAL BUREAU OF
INVESTIGATION; UNITED STATES
BUREAU OF ALCOHOL TOBACCO
FIREARMS & EXPLOSIVES,

      Defendants - Appellees.

No. 24-1328

D.C. No.
3:22-cv-00193-SLG

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted September 19, 2025
Submission Vacated February 26, 2026
Resubmitted March 27, 2026[**]
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and Pitman, District
Judge.[***]

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

Dion Kirk Humphrey appeals the district court's grant of summary judgment to the government. The district court held that Humphrey was precluded from possessing firearms due to a conviction under the Anchorage Municipal Code ("AMC") that qualified as a misdemeanor crime of domestic violence. *See* 18 U.S.C. §§ 922(g)(9); 921(a)(33)(A)–(C). Humphrey argues that because he was convicted of this offense before Congress amended § 921(a)(33)(A) to include convictions under local law, precluding him from possessing firearms would violate the ex post facto clause of the Constitution. Additionally, he contends that he qualifies for an exception to the general prohibition pursuant to § 921(a)(33)(C). Last, Humphrey argues that prohibiting him from possessing firearms violates his rights under the Second and Fifth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

1.      Whether a law violates the ex post facto clause depends on the acts it seeks to criminalize. "To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citation modified). "The critical question is whether the law changes the legal consequences of acts completed before its effective date." *Weaver v. Graham*, 450 U.S. 24, 31 (1981). Congress enacted § 922(g)(9) "to

close a dangerous loophole in the gun control laws" that allowed for perpetrators of domestic violence to possess firearms "notwithstanding the harmfulness of their conduct." *Voisine v. U.S.*, 579 U.S. 686, 689 (2016) (citation modified). As the Supreme Court noted, "many perpetrators of domestic violence are charged with misdemeanors rather than felonies" due to the nature of domestic violence prosecutions. *Id.*

Humphrey maintains that his AMC conviction cannot prohibit him from possessing firearms because, when he was convicted of the offense in 2010, misdemeanor domestic violence convictions under local law did not prohibit individuals from possessing firearms. Federal law only began precluding individuals convicted of misdemeanor domestic violence offenses under local law from possessing firearms in 2022. *See* Consolidated Appropriations Act 2022, Pub. L. No. 117-103, § 1104(a), 136 Stat. 49, 921 (2022). However, "[f]or purposes of analyzing repeat offender statutes and statutes increasing penalties for future crimes based on past crimes, the relevant 'offense' is the current crime, not the predicate crime." *U.S. v. Arzate-Nunez*, 18 F.3d 730, 734 (9th Cir. 1994). As we stated in *Arzate-Nunez*, "bona fide attempt[s] to regulate future conduct" by restricting an individual's ability to possess firearms do not violate the ex post facto clause "even when they rely on past criminal convictions." *Id.* We have also held that an amendment which restricts an individual's ability to possess firearms

24-1328

based on "past conduct" that could "reasonably be said to indicate unfitness" to possess firearms does not violate the ex post facto clause. *U.S. v. Huss*, 7 F.3d 1444, 1447–48 (9th Cir. 1993). A conviction for misdemeanor domestic violence, whether that conviction is under federal, state, tribal, or local law, can "reasonably be said to indicate unfitness" to possess firearms.

2. Humphrey also argues that he qualifies for an exception to § 922(g)(9) found in § 921(a)(33)(C). However, the exception does not apply to an individual like Humphrey, who shares a child with the person he was convicted of abusing. *See* § 921(a)(33)(C). Given the plain language of § 921(a)(33)(C), the exception does not apply to Humphrey.

3. Humphrey maintains that § 922(g)(9) violates his right under the Second Amendment. Humphrey's argument is precluded by our recent decision in *U.S. v. Martinez,* No. 23-432, slip op. at 5 (9th Cir. Mar. 18, 2026).

4. Last, Humphrey argues that § 922(g)(9) violates his right to due process under the Fifth Amendment. Much of Humphrey's argument is undercut by our decision in *U.S. v. Hancock*, 231 F.3d 557 (9th Cir. 2000). Moreover, the guardrails § 921(a)(33)(B) imposes, as well as the availability of avenues for Humphrey to challenge, overturn, or even expunge his conviction, alleviate any due process concerns.

**AFFIRMED.**

24-1328