[No. 33637-1-I.   Division One.   January 23, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DESMOND JOVAN WATKINS, *Appellant*.

---

*David Donnan* and *Terri Ann Polloch* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Peter Stokstad* and *Ethan Rogers, Deputies*, for respondent.

AGID, J. — Desmond Jovan Watkins appeals the juvenile court's finding that he was guilty of a violation of the uniform firearms act (VUFA) on the grounds that the court erred in denying his motion to suppress evidence and that the statute under which he was charged is an unconstitutional ex post facto law. We affirm.

## FACTS

On July 3, 1993, Seattle Police Officers Kevin Andrews and Steven Dosch were on foot patrol in the area of 3rd and Yesler in Seattle. A car came toward them on Yesler with a mangled, unreadable front license plate. The officers motioned the car over to the side of the street. As the car approached them, the officers saw Watkins sitting in the front passenger seat and leaning forward as if to place something under the seat.

After the car stopped, Andrews approached the driver's side of the car and Dosch approached the passenger's side. Neither Watkins nor the driver of the car, Venice Willis, was wearing a seatbelt. The officers asked Willis and Watkins for identification. Willis had identification, but Watkins did not. Andrews asked Willis to identify Watkins. She told the officers that Watkins was her nephew. Watkins, however, stated that he was not her nephew. The officers asked Watkins to step out of the car. Watkins began moving his arms around and claimed that the car door was jammed. Dosch approached the door and told Watkins that he would open the door from the outside. Dosch opened the door and saw the butt of a revolver between the passenger's seat and the doorframe. Dosch took Watkins into custody. He then retrieved the gun and found that it was fully loaded. Dosch also found a box of ammunition between the passenger's and driver's seats. Watkins was charged with violating former RCW 9.41.040, which prohibits possession of a short firearm or pistol by a juvenile who has previously been convicted of a felony violation of the Uniform Controlled Substances Act.

## DISCUSSION

### I

### Lawfulness of the Seizure

Watkins moved pretrial to exclude the gun from evidence on the ground that his removal from the car was an unlawful seizure. He concedes that the initial detention of the car was lawful. *See* RCW 46.16.010, .240; *State v. McIntosh*, 42 Wn.App. 579, 712 P.2d 323, *review denied*, 105 Wn.2d 1015 (1986). He further concedes that the officers had an independent basis for requesting his identification based on his seatbelt infraction.[1] He argues, however, that when the police asked him to exit the car they effected a custodial arrest and that this arrest was an unlawful seizure because it was unreasonable under the circumstances. *See* RCW 46.64.015.[2] The trial court found that Dosch's request that Watkins exit the car was reasonable and that the seizure of the gun was lawful because it was in plain view.

As a threshold matter, although the request that Watkins exit the car constituted a seizure, it did not amount to a custodial arrest. *See State v. Rice*, 59 Wn. App. 23, 26, 795 P.2d 739 (1990) (an investigatory stop is a less intrusive seizure than an arrest). Rather, the request was part of an investigative *Terry* stop. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). In a *Terry* stop, an "officer may briefly detain and question a person reasonably suspected of criminal activity." *Rice*, 59 Wn. App. at 26. The fact that the officers asked Watkins to get out of the car did not convert the stop into a custodial arrest. *See State v. Thornton*, 41 Wn. App. 506, 512, 705 P.2d 271 ("investigatory stop is not transformed into an arrest because an officer orders the suspect

---

[1]*See McIntosh*, 42 Wn. App. at 582 (where a traffic stop is based on a violation committed by the driver, police may require identification of other individuals in the car, if other circumstances give the police independent grounds to question passengers).

[2]RCW 46.64.015 codified the rule in *State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978) that a custodial arrest for a minor traffic violation is impermissible if the defendant signs a promise to appear; *see also State v. Feller*, 60 Wn. App. 678, 806 P.2d 776 (failure to have driver's license, standing alone, does not justify custodial arrest), *review denied*, 117 Wn.2d 1005 (1991).

out of a car"), *review denied*, 104 Wn.2d 1022 (1985). Thus, neither RCW 46.64.015 nor *State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978) applies here because Watkins was not placed under custodial arrest for a minor traffic violation.

Watkins was detained pursuant to a legitimate investigatory stop, as he concedes. The issue, therefore, is whether the request that he exit the car was reasonable or whether it exceeded the scope of the initial stop. The evaluation of the reasonableness of an investigative stop involves a 2-step inquiry: (1) whether the initial interference with the suspect's freedom of movement was justified at its inception and (2) whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *Thornton*, 41 Wn. App. at 510. The trial court found that the officers had valid concerns regarding their safety and held that the request that Watkins leave the car was reasonable based on his furtive movements, Watkins' lack of identification and the confusion over the relationship between Watkins and Willis.

The officers clearly had authority to ask Watkins to exit the car and search the area within his immediate control for weapons based on Watkins' furtive movements alone. "An officer who properly stops a car may conduct a search for weapons within the immediate control of the driver and passengers when one of the persons in the car moves as if to hide a weapon." *State v. Wilkinson*, 56 Wn. App. 812, 815, 785 P.2d 1139 (citing *State v. Kennedy*, 107 Wn.2d 1, 726 P.2d 445 (1986)), *review denied*, 114 Wn.2d 1015 (1990).[3] In both *Wilkinson* and *Kennedy*, officers observed the defendants engage in furtive movements consistent with hiding objects under the car seats. The defendants were ordered out of the cars and contraband was recovered. In *Kennedy*, the court held that the officer's request that the defendant exit the car did not unjustifiably intrude on his reasonable expec-

---

[3]The gun in this case was discovered in plain view and not pursuant to a search, as was the case in *Wilkinson* and *Kennedy*. However, this distinction is irrelevant to the issue of whether the request to exit the car constituted an unlawful seizure.

tation of privacy and that the intrusion was justified because the situation presented possible danger to the officer. 107 Wn.2d at 9.[4] As in *Kennedy*, the officers' request that Watkins exit the car did not exceed the scope of the legitimate *Terry* stop.[5] Because the request to exit the car was lawful, the gun was properly seized pursuant to the plain view exception to the warrant requirement. *See Kennedy*, 107 Wn.2d at 9 (right to seize evidence under the plain view doctrine turns on the legality of the intrusion that enabled the seizure). Accordingly, we hold that the trial court properly denied Watkins' motion to suppress evidence.

## II

### Ex Post Facto

Former RCW 9.41.040(4) provides that, except under provisions not applicable here,

> a person is guilty of the crime of unlawful possession of a short firearm or pistol if, after having been convicted or adjudicated of any felony violation of the uniform controlled substances act, . . . the person owns or has in his or her possession or under his or her control any short firearm or pistol.

Watkins challenges his conviction on the ground that this provision is unconstitutional as applied to him because it constitutes an ex post facto law. *See* U.S. Const. art. 1, § 10, cl. 1; Const. art. 1, § 23. Watkins was found guilty of the predicate offense, a felony violation of the Uniform Controlled Substances Act (VUCSA), on February 5, 1992. He was found guilty of the VUFA charge on July 8, 1993. In the interim, the Legislature amended RCW 9.41 to include the

---

[4]*See also Rice*, 59 Wn. App. at 27 (The determination of the reasonableness of the intrusion also "depends in some degree on the seriousness of the apprehended criminal conduct. An officer may do far more if the suspected misconduct endangers life or personal safety than if it does not.").

[5]Watkins contends that the seizure was unlawful under *State v. Cole*, 73 Wn. App. 844, 871 P.2d 656 (1994). The circumstances here, however, are far different from those in *Cole*. In that case, the officers had absolutely no basis to suspect that Cole had committed anything more than a traffic infraction. 73 Wn. App. at 850. Here, in contrast, the officers could point to "specific and articulable facts creating an objectively reasonable belief that [Watkins was] armed and presently dangerous." 73 Wn. App. at 850.

provision under which Watkins was charged. He contends that the statute may not be constitutionally applied to him because it enhances the punishment for a crime he already committed.

A law violates the prohibition against ex post facto laws if it "'punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed'." *State v. Stewart*, 72 Wn. App. 885, 894, 866 P.2d 677 (quoting *Collins v. Youngblood*, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 110 S. Ct. 2715 (1990)), *review granted*, 124 Wn.2d 1008 (1994). Watkins is correct that a statute increasing or enhancing punishment for a crime committed before the effective date of the statute is an unconstitutional ex post facto law. *See generally Stewart; see also In re Powell*, 117 Wn.2d 175, 814 P.2d 635 (1991). The statute involved here, however, does not enhance Watkins' sentence because it did not alter or increase punishment for an existing crime. Rather, the provision of the statute under which Watkins was charged created a new substantive offense, *i.e.*, possession of a short firearm or pistol by an adult or juvenile who has previously been convicted of a felony VUCSA. Although Watkins committed the predicate offense before the statute became effective, he committed the crime which constituted a violation of the firearms statute after the amendment became effective. Thus, as applied to Watkins, the statute neither increased the punishment for a crime already committed nor did it impose punishment for an act that was not punishable when committed. It is not a prohibited ex post facto law.

The disposition is affirmed.

GROSSE, J., and SCHOLFIELD, J. Pro Tem., concur.