996 P.2d 1119 (2000)
100 Wash.App. 297
STATE of Washington, Respondent,
v.
Zachary B. SCHMIDT, Appellant.
No. 23431-9-II.
Court of Appeals of Washington, Division 2.
April 14, 2000.
As Amended June 16, 2000.
*1121 Bonnie M. Hazelbaker, Kitsap Co. Deputy Pros. Atty., Port Orchard, for Respondent.
John L. Cross, Ronald D. Ness & Associates, Port Orchard, for Appellant.
*1120 MORGAN, J.
Zachary Schmidt appeals his conviction for unlawful possession of a firearm. He claims he was convicted in violation of the ex post facto clause. We affirm.
In 1988, Schmidt was convicted of second degree assault. The law in effect at that time did not bar one convicted of second degree assault from possessing a rifle.[1]
In 1994, the legislature amended RCW 9.41.040 to make it a felony for a person previously convicted of second degree assault to possess a rifle.[2] From here on, we refer to this as the 1994 amendment.
In 1997, Schmidt was arrested while possessing a rifle. A day or two later, the State charged him under the 1994 amendment.
In 1998, Schmidt was convicted by a jury. Later, he was sentenced to prison for 36 months.
The only issue on appeal is whether Schmidt was convicted in violation of the ex post facto clause. That clause provides that no state shall pass any ex post facto law.[3] Its purposes are "to assure that legislative Acts give fair warning of their effect," and to restrain "arbitrary and potentially vindictive legislation."[4]
Whether a law is "ex post facto" turns on two basic questions: (1) Is the law "criminal" or "punitive," as opposed to "civil" or "non-punitive"? (2) If the law is "criminal" or "punitive," does it punish past or future conduct?[5] "Past conduct" means conduct occurring before the law's effective date, while "future conduct" means conduct occurring after the law's effective date.[6]
If a law is not "criminal" or "punitive," it can be applied to any conduct, either past or future, without violating the ex post facto clause. As the United States Supreme Court explained in Kansas v. Hendricks, "The Ex Post Facto Clause, which `forbids the application of any new punitive measure to a crime already consummated,' has been interpreted to pertain exclusively to penal statutes."[7]
*1122 If a law is "criminal" or "punitive," it can be applied to future conduct without violating the ex post facto clause. As the United States Supreme Court explained in McDonald v. Massachusetts, "The statute, imposing a punishment on none but future crimes, is not ex post facto."[8]
If a law is "criminal" or "punitive," however, it cannot be applied to past conduct without violating the ex post facto clause.[9] Thus, the United States Supreme Court has repeatedly categorized as ex post facto:
1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.[[10]]
These concepts have been imprecisely expressed by saying that "A law violates the ex post facto clause if it: (1) is substantive, as opposed to merely procedural; (2) is retrospective (applies to events which occurred before its enactment); and (3) disadvantages the person affected by it."[11] To say that a law is "merely procedural" often means (but does not always mean) that the law is not "criminal" or "punitive."[12] To say that a law is "retrospective" *1123 means that the law applies to past conduct (i.e., to conduct that occurred before its effective date).[13] To say that a law "disadvantages the person" means that the law disadvantages an offender by punishing him or her to a greater extent than before.[14]
In this case, the 1994 amendment is both criminal and punitive. From and after its 1994 effective date, it provided that a person previously convicted of second degree assault would be guilty of a felony and subject to a prison term if he or she possessed a rifle. In 1997, it served as the legal basis for convicting Schmidt and sentencing him to prison. A law simply cannot be more criminal or punitive than that.
The remaining question is whether the 1994 amendment punishes past or future conduct. If it punishes only future conduct, it does not offend the ex post facto clause, even though it is criminal and punitive.
In State v. Watkins,[15] a juvenile was convicted of a drug offense in 1992. The law in effect at that time did not prohibit him from possessing a firearm. Later, the law was changed so that it did prohibit him from possessing a firearm. After the new law took effect, the juvenile was found with a firearm and charged accordingly. He then argued, as Schmidt argues here, that to apply the new law to him was to violate the ex post facto clause. Division One held in essence that the new law was being applied to future conduct (i.e., to conduct occurring after the new law's effective date),[16] and thus that the new law was not being applied in violation of the ex post facto clause.[17]
Other jurisdictions hold likewise,[18] and the commentators are generally in accord. With respect to the analogous problem of habitual criminal statutes, LaFave and Scott state: *1124 Some ex post facto questions of the increased-punishment type have arisen in connection with the passage of habitual criminal laws, which impose enhanced penalties for later offenses if the defendant has previously been convicted of one or more crimes. If the defendant commits crime A at a time when there is no habitual criminal statute, then such a statute is passed imposing increased punishment for a second offense, and then the defendant commits crime B, it is not within the ex post facto prohibition to apply the habitual criminal statute to crime B. No additional punishment is prescribed for crime A, but only the new crime B, which was committed after the statute was passed.[[19]]
Attempting to distinguish these authorities, Schmidt asserts that the 1994 amendment punishes his 1988 conduct, which is "past" conduct with reference to the 1994 amendment. Like Division One, however, we think that the State is punishing Schmidt not for his 1988 conduct, but rather for his 1997 conduct. If he had not engaged in his 1997 conduct, he would not be punished at all.
As the preceding paragraph shows, we have no quarrel with the concurrence's position that the 1994 amendment does not punish Schmidt for his 1988 conduct.[20] We think, however, that the 1994 amendment does punish Schmidt for his 1997 conduct, for the 1994 amendment is the very basis upon which Schmidt has been charged, convicted and sentenced to prison. Accordingly, we think the concurrence errs insofar as it "would hold that the 1994 amendment is not punitive."[21]
We would ignore this flaw as merely semantical if its consequences for the ex post facto clause were not so serious. To characterize a treatment statute as non-punitive is to leave intact the clause's protection against punitive statutes.[22] To characterize as non-punitive a regulatory statutei.e., a statute that mandates or proscribes certain defined conduct, but does not punish a violation is to leave intact the clause's protection against punitive statutes.[23] But to characterize a felony statute as non-punitive means that the ex post facto clause does not apply; and if the ex post facto clause does not apply, a citizen can be punished for conduct that was first criminalized after the date of the conduct's occurrence. That offends the ex post facto clause, at its very core.
In conclusion, we hold that the 1994 amendment is punitive. We further hold that it punishes future conduct (i.e., conduct occurring after its effective date), not past conduct (i.e., conduct occurring before its effective date). As a result, Schmidt's conviction did not violate the ex post facto clause.
Affirmed.
HOUGHTON, J., concurs.
ARMSTRONG, A.C.J., concurring.
I concur in the result reached by the majority, but I write separately because the majority answers the wrong question.
The majority reasons that, although the 1994 statutory amendment is punitive, it punishes only future conduct and, thus, does not violate ex post facto principles. In so reasoning, the majority assumes that the punishment of which Schmidt complains is that flowing from his 1997 conduct. This is simply wrong. Schmidt tells us in plain words that the 1994 amendment increased the punishment for his 1988 conviction because a "vested right in the possession or ownership of firearms was erased."
*1125 Thus, Schmidt does not argue that his 1997 conviction and sentence for unlawful possession of a firearm increased the punishment for his 1988 conviction. Rather, he argues that his punishment was increased when the 1994 amendment became law. And, his 1988 punishment was increased whether or not he later violated the new law because the increased punishment consisted of taking away his right to possess a rifle.
Schmidt warns us against applying the "mere truism" analysis used in State v. Watkins, 76 Wash.App. 726, 887 P.2d 492 (1995). We should heed his warning. Under Watkins, a new statute that takes away rights or imposes additional burdens on previously convicted felons will always survive an ex post facto challenge so long as the statute attaches a new penalty for its violation. This is so because the Watkins court and the majority here pass right over the effect of the 1994 amendment and look only at the violation of the statute as ex post facto punishment. But a new criminal statute will always punish conduct that occurs after the statute was passed. Watkins simply does not address Schmidt's issue: Did the 1994 amendment by its terms increase his punishment by taking away his right to possess a rifle? To answer this question, we must examine the intent and effect of the statute.
Our Supreme Court has done such an analysis in State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994), which involved an ex post facto challenge to Washington's sex offender registration statute. The sex offenders in Ward argued that the requirement to register increased the punishment for their previous crimes. Ward, 123 Wash.2d at 496, 869 P.2d 1062. To address this issue, the court considered whether the statute was punitive. And, in determining whether the statute was punitive, the court looked both at the Legislature's intent and the actual effect of the statute. Ward, 123 Wash.2d at 499, 869 P.2d 1062. After analyzing both, the court concluded that the statute was not punitive, although failure to register is a criminal offense punishable as either a gross misdemeanor or a felony. Ward, 123 Wash.2d at 494, 510-11, 869 P.2d 1062; see RCW 9A.44.130(9). Accordingly, the statute did not violate the ex post facto clause.
The Ninth Circuit has used a similar analysis in considering an ex post facto challenge to Oregon's firearm statute. United States v. Huss, 7 F.3d 1444 (9th Cir.1993). When Huss was originally convicted, the Oregon statute prohibited him from possessing any gun except a long gun or rifle. Later, Oregon amended the statute to include rifles, and Huss was convicted of the federal offense of being a felon in possession of a firearm, using the Oregon conviction as the predicate offense. Huss argued that applying the Oregon law retroactively violated ex post facto principles. Huss, 7 F.3d at 1445-46. The Ninth Circuit looked at the overall design and effect of the statute and concluded that "the Oregon weapons restriction does not impose punishment for prior crimes, but rather furthers the substantial and legitimate safety interest in preventing the misuse of firearms." Huss, 7 F.3d at 1448.
Without going through a detailed analysis, I would hold that the 1994 amendment is not punitive and, thus, does not violate ex post facto principles. The Legislature did not intend the amendment to be punitive. See Laws of 1994, 1st Spec. Sess., ch. 7, § 101. And, because Schmidt was prohibited from possessing certain firearms at the time he was convicted, the "marginal effect of adding long guns to the otherwise exhaustive list of restricted weapons does not amount to punishment for ex post facto purposes." Huss, 7 F.3d at 1448.
NOTES
[1] The law did bar such a person from possessing a pistol or "short firearm," Laws of 1983, ch. 232, § 2, but that fact is immaterial here.
[2] Laws of 1994, 1st Sp. Sess., ch. 7, § 407, effective June 13, 1994, amending RCW 9.41.040.
[3] U.S. CONST. art. I, § 10; see also U.S. CONST. art. I, § 9 ("No ... ex post facto law" shall be passed by Congress); WASH. CONST. art. I, § 23.
[4] Weaver v. Graham, 450 U.S. 24, 28-29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
[5] Forster v. Pierce County, 99 Wash.App. 168, 178, 991 P.2d 687, 693 (2000); see also Weaver, 450 U.S. at 29, 101 S.Ct. 960 ("two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender") (footnote omitted).
[6] Weaver, 450 U.S. at 29, 101 S.Ct. 960 (law is "retrospective" for purposes of ex post facto if it "appl[ies] to events occurring before its enactment"); State v. Aho, 137 Wash.2d 736, 742, 975 P.2d 512 (1999) ("To fall within the ex post facto prohibition, a law must be retrospectivethat is `it must apply to events occurring before its enactment'....") (quoting Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); In re Stanphill, 134 Wash.2d 165, 170, 949 P.2d 365 (1998) ("A law is retrospective if it `changes the legal consequences of acts completed before its effective date.'") (quoting Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)); Addleman v. Board of Prison Terms and Paroles, 107 Wash.2d 503, 506, 730 P.2d 1327 (1986) (same); Forster, 99 Wash.App. at 178, 991 P.2d at 693; State v. Randle, 47 Wash.App. 232, 240, 734 P.2d 51 (1987) (same), review denied, 110 Wash.2d 1008 (1988); see also Calder v. Bull, 3 U.S. (3 Dall.) 386, 390-92, 1 L.Ed. 648 (1798).
[7] Kansas v. Hendricks, 521 U.S. 346, 370, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (quoting Lindsey v. Washington, 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182 (1937)); see also Collins v. Youngblood, 497 U.S. 37, 41, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) ("[I]t has long been recognized by this Court that the constitutional prohibition on ex post facto laws applies only to penal statutes ..."; "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."); In re Young, 122 Wash.2d 1, 24, 857 P.2d 989 (1993) ("Because the statute is civil ... the ex post facto prohibition does not apply."); Forster, 99 Wash. App. at 179, 991 P.2d at 694; United States v. O'Neal, 180 F.3d 115, 122 (4th Cir.1999) ("While laws that retroactively increase `punishment' or impose a `penalty' violate the Ex Post Facto Clause, retroactive civil or regulatory ones do not."), cert. denied, ___ U.S. ___, 120 S.Ct. 433, 145 L.Ed.2d 339 (1999); Russell v. Gregoire, 124 F.3d 1079, 1084, 1086-87 (9th Cir.1997) (registration and notification requirements under sex offender statute not subject to ex post facto clause), cert. denied, 523 U.S. 1007, 118 S.Ct. 1191, 140 L.Ed.2d 321 (1998); Doe v. Pataki, 120 F.3d 1263, 1273 (2nd Cir.1997) ("[T]he Ex Post Facto Clause of the Constitution `applies only to penal statutes which disadvantage the offender affected by them.'") (citing Collins, 497 U.S. at 41, 110 S.Ct. 2715)), cert. denied, 522 U.S. 1122, 118 S.Ct. 1066, 140 L.Ed.2d 126 (1998); State v. Ward, 123 Wash.2d 488, 499, 869 P.2d 1062 (1994) (registration and notification requirements under sex offender statute not subject to ex post facto clause; "The ex post facto prohibition applies only to laws inflicting criminal punishment.").

Parenthetically, two factors determine whether a law is criminal or punitive. One is the legislature's intent; the other is the law's effect. E.g. Hendricks, 521 U.S. at 361, 117 S.Ct. 2072 ("Although we recognize that a `civil label is not always dispositive,' we will reject the legislature's manifest intent only where a party challenging the statute provides `the clearest proof' that `the statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention' to deem it `civil.'" (citation omitted) (quoting United States v. Ward, 448 U.S. 242, 248-249, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)); United States v. Newman, 144 F.3d 531, 540 (7th Cir.1998) (same); Russell, 124 F.3d at 1087 ("When examining whether a law violates the Ex Post Facto Clause, we inquire whether (1) the legislature intended the sanction to be punitive, and (2) the sanction is `so punitive' in effect as to prevent the court from legitimately viewing it as regulatory or civil in nature, despite the legislature's intent."); Ward, 123 Wash.2d at 499, 510-11, 869 P.2d 1062.
[8] McDonald v. Massachusetts, 180 U.S. 311, 313, 21 S.Ct. 389, 45 L.Ed. 542 (1901); see also Russell, 124 F.3d at 1088-89; Forster, 99 Wash. App. at 179, 991 P.2d at 694; State v. Watkins, 76 Wash.App. 726, 732, 887 P.2d 492 (1995); 1 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 2.4(a) at 139 (1986).
[9] Calder, 3 U.S. (3 Dall.) at 390-92; Forster, 99 Wash.App. at 179, 991 P.2d at 694.
[10] Calder, 3 U.S. (3 Dall.) at 390; see also Collins, 497 U.S. at 42, 43 n. 3, 110 S.Ct. 2715; Dobbert v. Florida, 432 U.S. 282, 292, 97 S.Ct. 2290, 53 L.Ed.2d 344, reh'g denied, 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977); Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925); Aho, 137 Wash.2d at 742 n. 1, 975 P.2d 512; Ward, 123 Wash.2d at 497, 869 P.2d 1062; Young, 122 Wash.2d at 23, 857 P.2d 989; State v. Handran, 113 Wash.2d 11, 14, 775 P.2d 453 (1989); State v. Edwards, 104 Wash.2d 63, 70-71, 701 P.2d 508 (1985). We omit a fourth category, pertaining to the rules of evidence, for the reasons discussed in Collins, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30.
[11] State v. Hennings, 129 Wash.2d 512, 525, 919 P.2d 580 (1996); Ward, 123 Wash.2d at 496, 869 P.2d 1062; In re Powell, 117 Wash.2d 175, 185, 814 P.2d 635 (1991), cert. denied, 516 U.S. 825, 116 S.Ct. 91, 133 L.Ed.2d 47 (1995); State v. Ashcraft, 71 Wash.App. 444, 451, 859 P.2d 60 (1993); see also Stanphill, 134 Wash.2d at 170-71, 949 P.2d 365; State v. Serio, 97 Wash.App. 586, 588, 987 P.2d 133 (1999).
[12] Collins, 497 U.S. at 44, 46, 110 S.Ct. 2715 (procedural law is not ex post facto if "[i]t does not alter the definition of the crime" or "increase the punishment;" but "by simply labeling a law `procedural,' a legislature does not thereby immunize it from scrutiny under the Ex Post Facto Clause"); Forster, 99 Wash.App. at 180, 991 P.2d at 695; 1 LAFAVE & SCOTT, supra, § 2.4(a) at 140 n.30 ("some procedural changes may ... come under the ex post facto ban"). According to the United States Supreme Court, the distinction between "procedural" and "substantive" laws "has imported confusion into the interpretation of the Ex Post Facto Clause." Collins, 497 U.S. at 45, 110 S.Ct. 2715. See also Stanphill, 134 Wash.2d at 170, 949 P.2d 365 ("the application of determinate sentencing to a pre-SRA offender" is "substantive" where it "alters the sentencing scheme").
[13] Weaver, 450 U.S. at 29, 101 S.Ct. 960; Aho, 137 Wash.2d at 742, 975 P.2d 512; Stanphill, 134 Wash.2d at 170, 949 P.2d 365; Addleman, 107 Wash.2d at 506, 730 P.2d 1327; Forster, 99 Wash.App. at 180, 991 P.2d at 695; Randle, 47 Wash.App. at 240, 734 P.2d 51; see also Calder, 3 U.S. (3 Dall.) at 390-92.
[14] Collins, 497 U.S. at 41, 110 S.Ct. 2715 ("constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them") (emphasis added); Weaver, 450 U.S. at 29, 101 S.Ct. 960 (to be ex post facto, law "must disadvantage the offender" (emphasis added)); Stanphill, 134 Wash.2d at 170, 949 P.2d 365 (whether person is "disadvantaged" depends on "whether the law alters the standard of punishment which existed under prior law"); Hennings, 129 Wash.2d at 525-26, 919 P.2d 580 (same as Stanphill; and further, "the proper inquiry is not whether the law is ... `disadvantageous' to the defendant, but whether it makes more burdensome the punishment for the crime"); Ward, 123 Wash.2d at 498, 869 P.2d 1062 (same as Stanphill); Forster, 99 Wash. App. at 180, 991 P.2d at 695; see also Calder, 3 U.S. (3 Dall.) at 390-92.
[15] Watkins, 76 Wash.App. at 732, 887 P.2d 492.
[16] Watkins, 76 Wash.App. at 732, 887 P.2d 492; accord, Cases v. United States, 131 F.2d 916, 921 (1st Cir.1942), cert. denied, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943); United States v. Huss, 7 F.3d 1444 (9th Cir.1993); Forster, 99 Wash.App. at 181, 991 P.2d at 695-96; State v. Tully, 198 Wash. 605, 607, 89 P.2d 517 (1939); State v. Le Pitre, 54 Wash. 166, 168, 103 P. 27 (1909); but see United States v. Davis, 936 F.2d 352, 356 (8th Cir.1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992).
[17] Schmidt contends that Watkins is both wrong and distinguishable. We disagree on both counts.
[18] United States v. Karnes, 437 F.2d 284, 289-90 (9th Cir.) (firearms statute not ex post facto where Congress merely restricted future activities), cert. denied, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1971); United States v. Sutton, 521 F.2d 1385, 1390 (7th Cir.1975) (firearms statute not ex post facto where it "does not criminalize an act done before its passage"); Smith v. United States, 312 F.2d 119, 120-21 (10th Cir.1963) (same); State v. Williams, 358 So.2d 943, 946 (La.1978) (Louisiana statute not ex post facto, even though it "prohibits specified future conduct, the carrying of a concealed weapon"); but see Davis, 936 F.2d at 356.
[19] 1 LAFAVE & SCOTT, supra, § 2.4(a) at 139.
[20] See also LAFAVE AND SCOTT, supra, ("no additional punishment is prescribed for crime A").
[21] See concurrence (first sentence of last paragraph), Opinion at 1125.
[22] See Kansas v. Hendricks, 521 U.S. at 370, 117 S.Ct. 2072 ("The Ex Post Facto Clause, which `forbids the application of any new punitive measure to a crime already consummated,' has been interpreted to pertain exclusively to penal statutes."); Young, 122 Wash.2d at 24, 857 P.2d 989 ("Because the statute is civil ... the ex post facto prohibition does not apply").
[23] See Russell, 124 F.3d 1079, 1087-89 (distinguishing the statute that does no more than require registration, from the statute that punishes non-registration as a felony).