193 P.3d 195 (2008)
In re the Petition of James Douglas RIVARD.
State of Washington, Appellant,
v.
James D. Rivard, Respondent.
No. 25923-4-III.
Court of Appeals of Washington, Division 3.
October 7, 2008.
*196 Andrew J. Metts III, Spokane County Pros. Offc., Spokane, WA, for Appellant.
Julia Anne Dooris, Gemberling & Dooris PS, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 The trial court granted James D. Rivard's petition to restore his right to possess a firearm. We first decided that the original sentencing court did not have authority to suspend Mr. Rivard's license beyond his period of Department of Corrections (DOC) supervision. We relied on former RCW 9.41.040 (1992) and former RCW 9.94A.120 (1993). The State moved for reconsideration. It argues that we should have applied the law in effect on the date Mr. Rivard petitioned to have his right to possess firearms restored (September 20, 2006) and the date the court actually restored those rights (January 26, 2007). The State argues that the law in effect on the date he was originally sentenced for vehicular homicide is irrelevant. We conclude the State is correct. We then reverse the trial court's order restoring his right to possess firearms.

FACTS
¶ 2 The State charged James D. Rivard with vehicular homicide in February 1994 as a result of an automobile accident on December 1, 1993. Vehicular homicide was a class B felony at the time. Mr. Rivard pleaded guilty to vehicular homicide in June 1997. The judgment and sentence were entered according to the vehicular homicide statute in effect in 1993. See Clerk's Papers at 29. And the law in 1993 prohibited Mr. Rivard from possessing a firearm but only while he was under DOC supervision. Former RCW 9.94A.120(13) (1993); former RCW 9.41.040(1) (1992).
¶ 3 The legislature reclassified vehicular homicide from a class B felony to a class A felony in 1996. LAWS of 1996, ch. 199, § 7. The law now prohibits those convicted of "any felony defined under any law as a class A felony" from ever possessing a firearm. RCW 9.41.040(4).
¶ 4 The trial court here granted Mr. Rivard's petition to restore his right to possess firearms. The State appealed. We concluded, on authority of former RCW 9.94A.120(13) (1993) and former RCW 9.41.040(1) (1992), that the sentencing court did not have authority, under 1993 law, to restrict Mr. Rivard's right to possess firearms after he was no longer subject to DOC supervision. And we affirmed the decision of the trial judge restoring Mr. Rivard's right to possess a firearm. The State moved for reconsideration.

DISCUSSION
¶ 5 The State argues, among other things, that the legislature can modify gun possession laws without violating constitutional prohibitions against ex post facto laws because such laws do not change the quantum of punishment for the original crime. State v. Watkins, 76 Wash.App. 726, 732, 887 P.2d 492 (1995). And the prohibition against ex post facto laws applies only to statutes that impose punishment. State v. Schmidt, 143 Wash.2d 658, 674, 23 P.3d 462 (2001), aff'g State v. Schmidt, 100 Wash.App. 297, 300 n. 7, 996 P.2d 1119 (2000). The legislature's 1994 and 1995 amendments to RCW 9.41.040 were not punitive; they were regulatory. They restricted gun ownership. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 402 (making it illegal for persons convicted of vehicular homicide to possess firearms); LAWS OF 1995, ch. 129, § 16 (requiring eligible offenders to petition for restoration of right to possess firearms). The amendments merely altered the collateral consequences of Mr. Rivard's conviction. Schmidt, 143 Wash.2d at 676, 23 P.3d 462. And case law suggests that the legislature intended such amendments to be retroactive. See State v. Reed, 84 Wash.App. 379, 385-87, 928 P.2d 469 (1997) (statutory notice plan).
¶ 6 Possession of firearms has always been subject to government regulation for safety purposes. Schmidt, 143 Wash.2d at 676, 23 P.3d 462. The legislature can prohibit convicted felons from possessing firearms. State v. Krzeszowski, 106 Wash.App. 638, 641, 24 P.3d 485 (2001). RCW 9.41.040 is such a restriction.
*197 ¶ 7 The amended version of RCW 9.41.040 then applies to Mr. Rivard. See Schmidt, 100 Wash.App. at 300, 996 P.2d 1119 (regulations can be applied to past conduct without violating the ex post facto clause). And he is not entitled to have his right restored because he has been convicted of a crime which is classified as a class A felony. RCW 9.41.040(4).
¶ 8 We conclude then that the trial court erred when it granted his petition and restored his right to possess firearms.
¶ 9 Moreover, Mr. Rivard could not possess a firearm lawfully even if we affirmed the trial court here. Mr. Rivard's vehicular homicide conviction is a serious offense. RCW 9.41.010(12)(l). RCW 9.41.040(1)(a) prohibits offenders convicted of serious offenses from possessing firearms:
A person ... is guilty of the crime of unlawful possession of a firearm ... if the person owns, has in his ... possession, or has in his ... control any firearm after having previously been convicted in this state ... of any serious offense.
(Emphasis added.)
¶ 10 We reverse the trial judge's decision to restore the right to possess firearms here.
I CONCUR: BROWN, J.
THOMPSON, J.[*] (dissenting).
¶ 11 I respectfully dissent. Although I agree with the majority that the legislature has the power to regulate the possession of firearms and that RCW 9.41.040 prohibits persons convicted of a class A felony from possessing firearms, I disagree with the majority's conclusion that amended RCW 9.41.040 precludes James D. Rivard from ever possessing a firearm. I do so because under well settled law, Mr. Rivard was not convicted of a class A felony.
¶ 12 The law in effect at the time a criminal offense is committed controls the disposition of the case. State v. Schmidt, 143 Wash.2d 658, 673-74, 23 P.3d 462 (2001). On the date of the commission of the crime, December 1, 1993, vehicular homicide was classified as a class B felony. Former RCW 46.61.520 (1991). At that time, former RCW 9.41.040 (1992) did not prohibit a person convicted of vehicular homicide from possessing firearms. That prohibition was added in 1994. LAWS OF 1994, 1st Spec. Sess., ch. 7, §§ 401, 402. The statute in effect on the date of the crime only authorized the sentencing court to suspend Mr. Rivard's right to possess firearms while he was under Department of Corrections (DOC) supervision. Former RCW 9.94A.120(13)(1993). Therefore, we correctly concluded in our original opinion that the sentencing court had no authority to revoke Mr. Rivard's right to possess firearms beyond his DOC supervision.
¶ 13 Despite the rule that we apply the law in effect at the time a crime is committed, the majority asserts that the law in effect on the date Mr. Rivard petitioned to restore his right to possess firearms is the applicable law here. Relying primarily on Schmidt, 143 Wash.2d 658, 23 P.3d 462 and State v. Watkins, 76 Wash.App. 726, 887 P.2d 492 (1995), the majority reasons that because the 1994 and 1995 amendments to former RCW 9.41.040 merely altered the collateral consequences of Mr. Rivard's conviction and constituted permissible legislative regulations on gun possession, the amended version of RCW 9.41.040 could be applied without violating ex post facto laws.
¶ 14 However, Schmidt and Watkins are distinguishable. Unlike this case, they involved two offensesthe predicate offense and the subsequent RCW 9.41.040 violation. Accordingly, Schmidt and Watkins start their analyses with the defendants' possession offenses. Such an approach is not applicable here where the only offense at issue is the predicate offense of vehicular homicide, which was a class B felony when committed.
¶ 15 In Watkins and Schmidt the predicate crimes (a felony drug offense, second degree assault, and first degree theft) were not violations of former RCW 9.41.040 when committed. After the commission of the *198 predicate offenses, the legislature amended chapter 9.41 RCW prohibiting persons convicted of these crimes from possessing firearms. Watkins, 76 Wash.App. at 731-32, 887 P.2d 492; Schmidt, 143 Wash.2d at 662, 664-65, 23 P.3d 462. Both courts held that the respective amendments did not violate ex post facto prohibitions even though the predicate felonies occurred before the amendment. Watkins, 76 Wash.App. at 732, 887 P.2d 492; Schmidt, 143 Wash.2d at 678, 23 P.3d 462.
¶ 16 The Watkins court pointed out that the amendment at issue in that case did not increase punishment for the predicate crime; rather, it "created a new substantive offense, i.e., possession of a short firearm or pistol." Watkins, 76 Wash.App. at 732, 887 P.2d 492. Because the defendant committed the new offense after the amendment became effective, the court concluded that the amendment did not violate ex post facto prohibitions. Id. Similarly, the Schmidt court reasoned that the amendments to chapter 9.41 RCW did not constitute ex post facto laws because they "did not punish petitioners for past offenses nor increase their punishment for prior convictions." Schmidt, 143 Wash.2d at 678, 23 P.3d 462.
¶ 17 However, the facts of this case are distinguishable. Mr. Rivard was not convicted of unlawful possession of a firearm under RCW 9.41.040. Rather, after his conviction for vehicular homicide, the legislature redefined the crime as a class A felony. In Watkins and Schmidt, the predicate crimes were never reclassified. The amendments at issue in those cases simply forbade the possession of firearms by those convicted of certain predicate felonies. Thus, in Schmidt and Watkins, the amended sections of chapter 9.41 RCW used to impose collateral consequences were the ones in existence when the defendants were charged with firearm possession. Accordingly, they were not retroactive. Such is not the case here. Here, the State attempts to impose the consequences of a class A felony to a crime that was defined as a class B felony when committed in 1993.
¶ 18 Mr. Rivard's right to possess firearms was restored automatically after DOC supervision ended. Former RCW 9.94A.120(13)(1993); former RCW 9.41.040(1)(1992). I would affirm the decision of the trial court restoring Mr. Rivard's right to possess firearms.
NOTES
[*] Judge Philip J. Thompson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.